## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

    v.

Edgar Gerald Harris

September 13, 1991

By JUDGE J. MICHAEL GAMBLE

As you know, I have the above case under consideration on the Motion to Strike by the defendant. The key issue in the case is whether or not the warrantless arrest of the defendant in his home at night violates the Fourth Amendment of the United States Constitution because it violates the right of the defendant to be secure in his house against unreasonable searches and seizures which are made without a warrant based upon probable cause.

In the instant case, Trooper K. S. Keesee was driving on the northbound lane of Route 29 Business in Madison Heights, Virginia. He saw an automobile proceeding in the opposite direction which failed to dim its lights. The trooper immediately turned his car around and proceeded in the same direction of the vehicle that failed to dim the lights. He followed the vehicle approximately 2.5 miles and had his emergency flashers on and the siren for approximately 1.2 miles. The defendant never increased his speed or attempted to elude the police officer. The defendant kept a constant speed the entire time, and the police officer noticed no other erratic driving or other unusual behavior on the part of the defendant. The trooper followed the defendant directly to his home. The defendant got out of his car and walked directly to his house when he exited the vehicle. The trooper followed him to the door of the house and grabbed him by the shoulder and turned him around as he was entering the house. After the trooper was able to stop the defendant, he proceeded to

obtain evidence from the defendant to support a charge of driving under the influence. The trooper testified that when he was following the defendant, he was not following him for any reason but to try to ascertain why the defendant did not dim his headlights.

The defendant told the trooper that he did not realize that he was a state trooper but thought that he was operating an emergency vehicle.

The offense of failing to dim headlights is made a traffic infraction under § 46.2-1034 of the Code of Virginia and § 46.2-113 of the Code of Virginia.

Section 46.2-100 of the Code of Virginia defines a traffic infraction as follows:

> a violation of law punishable as set forth in § 46.2-113 of the Code of Virginia . . . . Unless otherwise stated, these violations shall constitute traffic infractions punishable by a fine of not more than $100.00.

Section 46.2-113 of the Code of Virginia provides in part:

> It shall be unlawful for any person to violate any of the provisions of this title. All offenses constitute traffic infractions unless otherwise stated. All are punishable by a fine of not more than $100.00.

It is thus clear that the failure to dim a headlight is an offense for which a person can only receive a fine and is not subject to any sort of incarceration. It is further provided under § 18.2-8 that traffic infractions are merely "violations of public order" and are "not deemed to be criminal nature." Therefore, and at best, a traffic infraction is considered to be a non-criminal violation of the law.

In *Payton v. New York*, 445 U.S. 573, 590 (1980), the Court stated: "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Further in *Johnson v. United States*, 333 U.S. 10, 13-14 (1948), the Supreme Court of the United States noted that the principal protection against unneces-

sary intrusions into private dwellings is the warrant required by the Fourth Amendment on agents of the government who seek to enter a home for purposes of search and arrest.

In the instant case, Trooper Keesee was in hot pursuit of the defendant although the defendant did not increase his speed of his vehicle in any manner. In *Verez v. Commonwealth*, 230 Va. 405, 410-411 (1985), the Supreme Court of Virginia set forth the factors which must be considered in order to constitute sufficient exigent circumstances to enter a home without a warrant. Hot pursuit is one of the criteria. However, another criteria is whether the offense is serious or involves violence.

In the instant case, the offense for which the police officer was following the defendant was not serious and did not involve violence. In fact, it was the most minor violation of the law found in the Code of Virginia, i.e., a traffic infraction.

In *Welsh v. Wisconsin*, 466 U.S. 740, 104 S. Ct. 2091, 2099 (1984), the Supreme Court talked about the different factors which may constitute exigent circumstances to justify a warrantless arrest in a home. There the Court stated:

> Without approving all of the factors included in the standard adopted by that Court, it is sufficient to note that many lower Courts have considered the gravity of the offense as part of their constitutional analysis.

The Court went on further to say in *Welsh*:

> we note that it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth amendment when the underlying offense is extremely minor. *Id.*, at 104 S. Ct. 2099.

Additionally, the court in *Welsh v. Wisconsin* noted:

> Moreover, although no exigency is created simply because there is probable cause to believe that a serious crime has been committed . . . application of the exigent-circumstances exception

in the context of home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense, such as the kind at issue in this case, has been committed. *Id.,* at 104 S. Ct. 2099.

In *Welsh v. Wisconsin, supra,* the officer was following a defendant for a suspected driving under the influence. However, the Wisconsin law at that time made driving under the influence a civil rather than a criminal offense.

In the instant case, it is abundantly clear that the only reason the police officer was following the defendant was because he failed to dim his headlights. There was no evidence that the defendant attempted to elude the police officer or was operating his vehicle so that the defendant would be suspected of either reckless driving or driving under the influence. It was only after the officer entered the home of the defendant that he was able to obtain evidence of driving under the influence. Accordingly, this Court believes that it must sustain the Motion to Strike of the defendant. Accordingly, an order will be entered which dismisses this case.

Had the officer testified that there was other erratic behavior, erratic driving, evidence to indicate that the defendant was under the influence or eluding the police officer, or guilty of reckless driving, then the court would probably sustain the right of the police officer to enter the home under the exigent circumstances hot pursuit exception.